# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT COURT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SERVICE MANAGEMENT GROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-00819-CV-W-RK ) ) |
| YOUGOV AMERICA, INC., d/b/a SMG INSIGHT, | ) ) ) |
| Defendant. | ) ) |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss. (Doc. 20.) Defendant seeks dismissal of Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Plaintiff filed Suggestions in Opposition. (Doc. 22.) Defendant then filed a reply. (Doc. 23.) For the reasons stated below, the motion is **DENIED**.

### I. BACKGROUND

Plaintiff offers a wide variety of market research, specializing in customer experience, employee engagement, and brand services – including surveys, reporting, actionable insights, and analytics to companies and brands in the United States and worldwide. (Doc. 1, ¶1). Plaintiff owns a federal trademark for the mark SMG® and has used this trademark and various other SMG trademarks for a number of years. (Doc. 1, ¶3). Plaintiff also operates the website www.smg.com. (Doc. 1, ¶4). In the Complaint, Plaintiff alleges Defendant improperly reserved and used the domain name www.smg-insight.com and infringed upon Plaintiff's trademark rights. (Doc. 1, ¶5).

Plaintiff brings the following claims against Defendant: trademark infringement under the Lanham Act (Count I); unfair competition under the Lanham Act (Count II); common law unfair

1

competition (Count III); and violation of the Anti-Cybersquatting Consumer Protection Act (Count IV).

## II. STANDARD OF REVIEW

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Topchian v. JPMorgan Chase Bank*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Id*. (quoting *Hopkins v. Saunders*, 199 F.3d 968, 976 (8th Cir. 1999)). "The well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein, must be viewed to determine whether the pleading party provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules." *Id*. (quoting *Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1057-58 (8th Cir. 2002)). "[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989). Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires," taking into consideration the preference for affording parties an opportunity to test their claims on the merits. *See Stoebner v. Opportunity Fin., LLC*, 909 F.3d 219, 228 (8th Cir. 2018) (quoting *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009)).

## III. DISCUSSION

### A. Trademark Infringement and Unfair Competition (Counts I-III)

Defendant argues Plaintiff has failed to adequately plead facts establishing a claim for trademark infringement under the Lanham Act, unfair competition under the Lanham Act, and common law unfair competition. All share the same essential elements. *Hain BluePrint, Inc. v. Blueprint Coffee, LLC*, No. 4:16-CV-1758-SNLJ, 2018 WL 6246984 at *4 (E.D. Mo. Nov. 29, 2018). A plaintiff must allege facts showing that it "has a valid, protectible mark and that there is a likelihood of confusion between its mark and the defendant's mark." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 389 (8th Cir. 2009). Defendant does not challenge Plaintiff's trademark(s) were valid and protectible. Instead, Defendant argues Plaintiff has not sufficiently pleaded a likelihood of confusion and Plaintiff has not alleged priority as to four asserted marks. Regarding the issue of confusion, factors the Court considers in determining likelihood of confusion include:

> (1) the strength of the owner's mark; the similarity between the owner's mark and the alleged infringer's mark; (3) the degree to which the products compete with each other; (4) the alleged infringer's intent to "pass off" its goods as those of the trademark owner; (5) incidents of actual confusion; and (6) the type of product, its costs and conditions of purchase.

*ZW USA, Inc. v. PWD Sys., LLC*, 889 F.3d 441, 446 (8th Cir. 2018) (quoting *Co-Rect Prods., Inc. v. Marvy! Advert. Photography, Inc.*, 780 F.2d 1324, 1330 (8th Cir. 1985)). Here, Defendant argues Plaintiff has not adequately pleaded a likelihood of confusion for all six of its marks. The Court disagrees. Review of the Complaint demonstrates Defendant has sufficient notice of the factors on which Plaintiff relies to establish this element. Plaintiff specifically relies on the strength of the mark and similarities between marks (Doc. 1, ¶¶ 41, 43), competition between the services offered (Doc. 1, ¶¶ 18, 20, 26, 29, 33, 47), and actual confusion (Doc. 1, ¶ 49). The Court

declines to make a finding on the applicability of these factors to the instant case at this time, as it is a fact-specific determination better suited for summary judgment. *See S & M Nutec, LLC v. T.F.H. Publ'n, Inc.*, No. 03-01033-CV-W-NKL, 2005 WL 1224607 at *10 (W.D. Mo. May 23, 2005).

Regarding Defendant's priority argument, Plaintiff has alleged two of the SMG marks were first used no later than 1999, the doctrine of tacking will establish priority, and the mere registration of a domain name creates no enforceable trademark rights. (Doc. 1, ¶ 19); (Doc. 22, 8). Deciding whether the marks are "legal equivalents" or which Party has priority are factual questions better reserved for summary judgment. Defendant's motion to dismiss Counts I, II, and III is denied.

**A.     Cybersquatting (Count IV)**

Defendant next argues that Plaintiff has failed to adequately plead facts establishing a claim for cybersquatting. The Court disagrees. In order to state a claim for cybersquatting, a plaintiff must prove:

(1) The defendant has registered, trafficked in or used a domain name;
(2) Which is identical or confusingly similar to a mark owned by the plaintiff;
(3) The mark was distinctive at the time of the defendant's registration of the domain name; and
(4) The defendant has committed the acts with a bad faith intent to profit from the plaintiff's mark.

5 McCarthy on Trademarks and Unfair Competition § 25A: 50 (5th ed.). *See also Mars Musical Adventures, Inc. v. Mars, Inc.*, 159 F. Supp. 2d 1146, 1154 (D. Minn. 2001). Defendant contends Plaintiff failed to sufficiently plead element three (i.e., that Plaintiff's six registered marks were distinctive as of October 2010) and element four (i.e., that Defendant registered its domain name in bad faith).

With regard to the third element, Plaintiff argues in its suggestions in opposition that "inherently distinctive" marks and marks with "acquired distinctiveness" can be entitled to

4

protection prior to the registration date and the doctrine of tacking gives later-registered marks priority. Plaintiff further alleges Defendant reserved the domain name www.smg-insight.com in or about 2010 (Doc. 1, ¶ 45) and "SMG's service mark(s)… were known, and distinctive at the time Defendant registered the domain name." (Doc. 1, ¶ 84). Therefore, Plaintiff has sufficiently pleaded element three.

As to the fourth element, the complaint alleges:

54. On information and belief, Defendant registered the domain name www.smginsight.com domain name with the intent to divert consumers seeking SMG's online site to a different site, thus harming the goodwill symbolized by SMG's marks, and creating a likelihood of confusion as to the source of goods or services offered under the domain names or as to the source, sponsorship or affiliation of the websites connected with the various domain names.
55. On information and belief, Defendant registered and used the www.smginsight.com domain name with the bad faith intent to profit directly by its own use of the domain name.
56. On information and belief, Defendant registered and used the www.smginsight.com domain name with the bad faith intent to profit indirectly by harming its competitor SMG, by preventing SMG from using its marks in the www.smg-insight.com domain name for SMG's own website, thereby diverting or confusing consumers and potential consumers.
. . .
61. Upon information and belief, in choosing the mark SMG-Insight as the title of its website, the name under which it conducts business, and as the predominant portion of its URL, Defendant is attempting to benefit from the reputation and goodwill SMG has built in the technology services market and, in particular, SMG's SMG®, SMG circle logo, SMG arrow logo, SMG360®, SMG360 stylized logo, and SMG Associate Voice® service marks.
. . .
84. Defendant violated the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), by registering the www.smg-insight.com domain name with the bad faith intent to profit from the registration and use of the domain name, when the domain name contained SMG's service mark(s), and those marks were in use, known, and distinctive at the time Defendant registered the domain name. Defendant's wrongful activities have caused injury to SMG by preventing it from using its marks in their web address and by harming the goodwill represented by the marks, and creating a likelihood of confusion as to source, sponsorship, affiliation or

endorsement of the websites of SMG and Defendant connected with the domain names.

(Doc. 1). Therefore, Plaintiff has sufficiently pleaded element four. Defendant's motion to dismiss Count IV is denied.

## IV.     CONCLUSION

As set forth more fully above, Defendant's Motion to Dismiss (Doc. 20) is **DENIED.**

**IT IS SO ORDERED.**

                                                    s/ Roseann A. Ketchmark
                                                    ROSEANN A. KETCHMARK, JUDGE
                                                    UNITED STATES DISTRICT COURT

DATED:  August 29, 2019