# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| SERVICE MANAGEMENT GROUP, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:18-00819-CV-RK ) |
| YOUGOV AMERICA, INC., | ) ) ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Defendant and Counter Claimant YouGov America, Inc. ("YouGov")'s motion to strike Plaintiff Service Management Group, LLC ("SMG")'s answers and affirmative defenses to YouGov's counterclaim. (Doc. 29.) The motion is fully briefed. (Doc. 30, 31, 36.) After careful consideration, and for the reasons set forth below, the motion is **GRANTED in part and DENIED in part**.

## Background

SMG filed its complaint in this Court on October 18, 2018. (Doc. 1.) On September 12, 2019, YouGov filed its answer and counterclaim against SMG. (Doc. 25.) Then on October 3, 2019, SMG filed its answer and affirmative defenses to YouGov's counterclaim. (Doc. 27.) YouGov now moves to strike certain affirmative defenses and answers to the counterclaim. (Doc. 29.)

## Legal Standard

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure a court may strike from a pleading an insufficient affirmative defense or "any redundant, immaterial, impertinent, or scandalous matter." While courts have "liberal discretion" to strike pleadings under Rule 12(f), striking a party's pleading is an "extreme measure" that is "viewed with disfavor and infrequently granted." *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted).

**Discussion**

YouGov asks the Court to strike (1) SMG's affirmative defenses 1-6 with prejudice, (2) SMG's Affirmative defenses 7-12 with leave to replead, and (3) SMG's Answer to ¶¶ 7-8, 17, 19-21, 24, 29, 31-32, 34-37, 44-45, 49, 51-52, 54-57, 64-65, 71-73, 78-80, 85-87, 91-92, 129, 133, 137, 141 of the counterclaim ("SMG answers") with leave to replead. The Court will address each in turn.

**I.      SMG's Affirmative Defenses 1-6**

**A.      SMG's Affirmative Defenses 1-4 – Failure to State a Claim**

SMG's first four affirmative defenses are for failure to state a claim. (Doc. 27.) SMG argues that it has made more than a bare assertion of failure to state a claim. The Court disagrees because SMG's additional allegations amount only to arguments as to why YouGov did not state a claim.

Courts in this district have been split over whether failure to state a claim is a proper affirmative defense. *Compare Jennings v. Nash*, No. 6:18-CV-03261-NKL, 2019 WL 286750, at *4 (W.D. Mo. Jan. 22, 2019) ("Failure to state a claim is an improper affirmative defense; such an assertion is appropriate as a motion to dismiss.") *with Federal Trade Comm'n v. BF Labs Inc.*, No. 4:14-CV-00815-BCW, 2015 WL 12806580, at *2 (W.D. Mo. Aug. 28, 2015) ("A failure-to-state-a-claim challenge can take many forms, and it is not immediately apparent that this affirmatively-stated defense raises the same issues considered in the motion to dismiss . . . . Defendants are entitled to assert the substance of this defense in their answers.") However, as noted in *Cope v. Let's Eat Out, Inc.*, the majority of courts in this circuit have held failure to state a claim is not an affirmative defense. No. 6:16-CV-03050-SRB, 2017 WL 1425838, at *5 (W.D. Mo. Apr. 18, 2017) (citing cases). The Court agrees. Because failure to state a claim is not an affirmative defense, YouGov's motion on this point will be granted and SMG's affirmative defenses 1-4 will be struck from their answer to the counterclaim.

**B.      SMG's Affirmative Defenses 5-6 – Denying Allegations in the Counterclaim**

"Denials of the allegations in the [Counterclaims] or allegations that [YouGov] cannot prove the elements of [its] claims are not affirmative defenses." *First Fin. Sec., Inc. v. Jones*, No. 17-cv-00773, 2017 WL 5751354, at *9 (N.D. Cal. Nov. 28, 2017) (citation omitted). SMG concedes in its response that affirmative defenses 5 and 6 are "part and parcel of the claims SMG

2

asserted in its Complaint." (Doc. 31, p. 6.) Because these affirmative defenses either add nothing beyond the denials SMG already asserted in response to the Counterclaim, or they are part and parcel with the Complaint, the Court will strike "affirmative defenses" 5 and 6 as well. *Holzer v. Prudential Equity Grp. LLC*, 520 F. Supp. 2d 922, 929 (N.D. Ill. 2007) (striking affirmative defenses that "are all part and parcel of" allegations in the "answer to [the] complaint" because they "serve no purpose other than to cloud the actual dispute in this case").

**II.     SMG's Affirmative Defenses 7-12**

While courts within the Eighth Circuit are split on whether the pleading standards for *Iqbal* and *Twombly* apply to affirmative defenses, the Court is persuaded that such standards do apply to the pleading of affirmative defenses. *See Cope*, 2017 WL 1425838 at *2 (citing cases from this district). "The United States Supreme Court announced in *Iqbal* and *Twombly* that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court agrees with YouGov that SMG's affirmative defenses are insufficiently pled. SMG merely asserts the "Counterclaims are barred in whole, or in part, by…" and lists several legal doctrines as affirmative defenses. Even if the factual basis for said defenses could be found in the Complaint or its exhibits as SMG suggests, such does not relieve SMG of the responsibility of tying specific factual allegations with the specific defenses being pled. Because motions to strike are viewed with disfavor, the Court will grant YouGov's motion to strike, but grant SMG 14 days to replead its affirmative defenses 7-12.

**III.    SMG's Answers**

Finally, YouGov moves to strike several of SMG's answers. In each of these answers, SMG states that the cited document "speaks for itself . . . . denies all allegations inconsistent with the [cited document] . . . . [and] denies any remaining allegations in [the] Paragraph." The Court agrees with the reasoning of *Thornburg v. Open Dealer Exch.*, LLC, No. 17-06056-CV-SJ-ODS, 2018 WL 340050, at *3 (W.D. Mo. Jan. 9, 2018). The court in *Thornburg* reasoned "[a] 'speaks for itself' response allows Defendant to defend itself while not making a binding admission that Plaintiff may use against it later." *Id.* SMG's answers seem to serve this purpose. Therefore, the Court will deny YouGov's motion on this point.

3

## Conclusion

Accordingly, and after careful consideration, YouGov's motion to strike (Doc. 29) is **GRANTED in part and DENIED in part.** Specifically, it is ordered that:

1. YouGov's motion to strike SMG's affirmative defenses 1-6 to the counterclaims is **GRANTED**, and such affirmative defenses are struck with prejudice;
2. YouGov's motion to strike SMG's affirmative defenses 7-12 is **GRANTED**, and such affirmative defenses are struck with leave to replead within 14 days of this Order;
3. YouGov's motion to strike SMG's answers is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 23, 2020