# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SERVICE MANAGEMENT GROUP, LLC, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 4:18-00819-CV-RK |
| v. | ) ) |
| YOUGOV AMERICA, INC., | ) ) |
| Defendant. | ) |

## ORDER

Before the Court are Service Management Group, LLC ("SMG")'s motions to amend the scheduling order (Doc. 39) and to join additional parties (Doc. 41). The motions are fully briefed (Docs. 40, 42, 44-47) and the Court heard oral arguments on April 29, 2020 (Doc. 52, minute entry). After careful consideration, and for the reasons set forth below, the motions are **GRANTED**.

## Background

This trademark action involves SMG's claims for trademark infringement, unfair competition, and violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA") relating to six of SMG's trademarks by Defendant YouGov America, Inc. ("YouGov"). The claims are based on YouGov's alleged usage of the name and designation "SMG Insight," including the Internet domain name www.smg-insight.com ("SMG Insight Domain") and SMG Insight branded social media accounts ("SMG Insight Social Media Accounts"). SMG alleges the use of the SMG Insight Domain and the SMG Insight Social Media Accounts create a likelihood of confusion with SMG's six marks.

SMG now contends that it just recently learned that YouGov may not own the SMG Insight Domain or the SMG Insight Social Media Accounts. Rather, SMG alleges two other entities, YouGov Services Limited ("YouGov Services") and YouGov PLC, may be the owners. SMG moves the Court to extend the current deadlines by at least ninety days and for leave to amend its complaint and add these additional parties.

**Legal Standard**

The motions are governed by Federal Rules of Civil Procedure ("FRCP") 15, 16, and 20. Pursuant to FRCP 16(b)(4) "[a] schedule may be modified only for good cause and with the judge's consent." "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Fed. Trade Comm'n v. Next-Gen, Inc.*, No. 4:18-CV-00128-DGK, 2018 WL 5310416, at *3 (W.D. Mo. Sept. 24, 2018). "In weighing a request to amend the scheduling order, the Court also considers any prejudice to the non-moving party." *Trekell v. Target Corp.*, No. 4:18-CV-00662-DGK, 2019 WL 6868963, at *6 (W.D. Mo. Dec. 16, 2019) (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2010)). Further, "the Court may extend the deadline for completion of all discovery only if: (1) [t]here has been active discovery; or (2)[t]he moving party demonstrates that disabling circumstances precluded active discovery." W.D. Mo. Local Rule 16.3(b).

Regarding the motion to join, FRCP 15(a) states in relevant part, "[t]he court should freely give leave when justice so requires." "Leave should normally be given absent good reason for a denial." *Fed.Trade Comm'n*, 2018 WL 5310416, at *3. (quotation and citation omitted). "[U]nder Rule 20, a person may be permissively joined to a lawsuit when '[1] any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [2] any question of law or fact common to all defendants will arise in the action.'" *Id.* (quoting Fed. R. Civ. P. 20(a)(2)(A)-(B)). "Federal Rules are usually liberally construed to permit parties to amend pleadings, add additional parties and to similarly control the pace of litigation." *Bradford*, 249 F.3d at 809.

**Discussion**

**I.     Motion to Amend the Scheduling Order**

The Court finds SMG acted diligently in discovery prior to filing the present motions. To date, SMG has submitted interrogatories, responded to YouGov's interrogatories and request for production of documents (including producing over 9,000 pages of documents), worked with YouGov to resolve discovery disputes without Court intervention, and has been engaged in mediation efforts with YouGov. This is also SMG's first motion to extend the scheduling order. *See Fed. Trade Comm'n*, 2018 WL 5310416, at *4 (the fact plaintiffs had not sought or obtained a previous extension supported a finding of diligence). Additionally, in light of the COVID-19, the Court finds an extension of the current scheduling deadlines is warranted.

The issue then becomes for how long the deadlines should be extended.  SMG argues the deadlines should be extended by at least ninety days.  YouGov on the other hand argues for a thirty-day extension for written fact discovery, and that the parties submit a joint amended scheduling order by June 5, 2020, for the remaining deadlines.  The Court finds an additional ninety days is warranted in light of the COVID-19 pandemic and because, as noted below, additional parties will be joined in this case.  Therefore, the Court will grant SMG's motion to extend the scheduling deadlines by ninety days.  However, if additional extensions are necessary after ninety days, a new motion will need to be filed.

**II.     Motion to Join Additional Parties**

"Joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits."  *Holman v. State Farm Gen. Ins. Co.*, 1991 WL 219425 at *2 (W.D. Mo. 1991) (quotation and citation omitted).  YouGov argues the Court should deny SMG's motion to join because SMG is attempting to get a "do over" at the eleventh hour of the litigation by seeking to extend and expand the case, and that YouGov informed SMG over a year and a half ago that it had sued the wrong defendant.  YouGov also argues the requested joinder is highly prejudicial as it will require more discovery not only in the United States, but abroad as well.[1]  While the Court is sensitive to YouGov's concerns, the Court finds joinder in this case is warranted.

First, SMG's motion was timely.  Under the current scheduling order, the "joinder of parties" deadline was March 23, 2020.  SMG timely filed its motion to join the additional parties on that date.  Additionally, SMG represents that while it knew of the existence of the other parties, it was unaware of—until recently—that the additional parties were liable for the infringement of its trademarks. (Doc. 47, p. 1.)

Second, regarding the standard under FRCP 20, the claims against YouGov, YouGov Services, and YouGov PLC all involve allegations that some or all Defendants infringed SMG's trademarks.  Thus, the claims arise out of the same transaction, occurrence, or series of transactions or occurrences.  Further, because the allegations involve the same trademarks, there will be common questions of law and fact.

Finally, despite the prejudice that may occur to YouGov, the Court finds said prejudice is not overburdensome.  The amount of time and resources spent on additional discovery can be

---

[1] YouGov Services and YouGov PLC are entities located in the United Kingdom.

3

mitigated by sharing discovery already conducted. Additionally, while written discovery has taken place, neither party has taken depositions and any further discovery could be done collectively and with all parties.[2] Therefore, given the liberal standard courts apply to motions to join, joinder in this case is warranted. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) ("[T]he impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."); *Holman*, 1991 WL 219425 at *2.

## Conclusion

Accordingly, the motions to amend the scheduling order (Doc. 39) and join additional parties (Doc. 41) are **GRANTED**. SMG shall file their amended complaint within seven (7) days of this order. An amended scheduling order will be issued following the filing of the amended complaint.

**IT IS SO ORDERED.**

                                        s/ Roseann A. Ketchmark
                                ROSEANN A. KETCHMARK, JUDGE
                                UNITED STATES DISTRICT COURT

DATED: April 30, 2020

---

[2] The Court notes that discovery may be delayed due to complications involving the COVID-19 pandemic, especially as international travel may be involved. To the extent possible, the parties are encouraged to seek alternative means of discovery including, but not limited to, video depositions.